MoKiNNEY, J.,
delivered tbe opinion of tbe Court.
On tbe 5th of February, 1855, Ananias Pitts, being embarrassed, and in a failing condition, made a conveyance of all bis property, real and personal, to a trustee, for tbe benefit of bis creditors, and for tbe indemnity of certain of bis sureties: and more especially for tbe indemnity of Sarah Pitts and George W. Pitts, bis mother and brother. Tbe deed specifically enumerated a class of debts, for tbe payment of which said Sarah and George, or one of them, stood bound as surety; and in some instances, third persons were- jointly bound as sureties, with Sarah and George, or one of them. And with reference to this class of debts, tbe deed of trust contains tbe following provision, viz: — “ I desire all tbe before enumerated and specified debts on which tbe said Sarah and G. W. Pitts are bound, and liable as security, or stayor for me, to be first paid by said trustee out of this trust fund; and this conveyance is primarily made, to secure and indemnify them against loss by reason of any debt of mine for which they, or either of them is bound.”
Eor one of tbe debts thus provided for, tbe defendant, Oliver, was bound as a co-surety with G. W. Pitts, and in discharge thereof, paid upwards of $1000, about tbe twenty-eighth February, 1857. Others of tbe defendants, are in tbe same category with Oliver, and the trust fund being insufficient to discharge the full amount of the *93 ■preferred debts, tbe question has been made between the ■co-sureties, upon whom the loss shall fall. Eor the defendants, Sarah and Gr. W. Pitts, it has been assumed that, by force of the before recited provision of the deed of trust, the defendant, Oliver, and others, in the same -predicament, though co-sureties, and as such-, having paid certain of the preferred debts, for which said Sarah and Gr. W. Pitts were jointly liable with them, cannot be let in upon the trust fund for the satisfaction of the monies thus paid by them, until after they, said Sarah and Gr. W.- Pitts, ■■ shall have been re-imbursed fully out of said fund, all the debts, for which they have been already made liable, and likewise fully indemnified against all liability or loss as to such of said debts, as may still remain unsatisfied. This claim, on the part of Sarah and O. W. Pitts, is based upon the declaration in the deed of trust, that it was “primarily made to secure and indemnify them against loss,” and from which the conclusion is sought to be deduced, that the instrument must be understood as having been designed to provide merely for their personal. benefit and indemnity, and not as a security for the debts enumerated therein.
This construction of the deed is not allowable. It is in direct opposition to the plain meaning of the provision relied on when taken altogether. The deed is an absolute security for the preferred debts; they are required to be first paid out of the fund, which was supposed, at the time of the making of the deed, to be amply sufficient for the discharge of all the debts embraced in the first class. And this mode of indemnity to Sarah and Gr. W. Pitts, in the mind of the maker of the -deed, was to secure, in the first place, the payment of all the *94 debts for' which either was liable in any way, and thereby completely discharge them of their respective liabilities. Such is the plain import and construction of the deed; and the rights of the parties are not subject to be changed, in the event that has happened; the insufficiency of the fund to discharge all the preferred debts. The deed being an absolute security for the enumerated debts it follows, of course, that any co-surety who has been compelled, in whole or in part, to discharge any of said debts, thereby instantly acquired a lien on the fund, and is entitled to have satisfaction pari passu with the other sureties who may have contributed to the discharge of said debts.
The decree upon this point will consequently be affirmed.